IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JDH BUILDING GROUP, LLC, | : |
| *Plaintiff*, | : Case No. 1:25-cv-63 |
| vs. | : Judge Jeffery P. Hopkins |
| R. TODD BETTMAN, et al., | : |
| *Defendants*. | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiff JDH Building Group's ("JDH") motion to dismiss its action without prejudice under Rule 41(a)(2). Doc. 25. Defendants R. Todd Bettman and M. Jean Bettman ("the Bettmans") contest this effort, asking that the Court instead grant their motion for judgment on the pleadings (Doc. 17), dismissing JDH's claim with prejudice. Doc. 27. If the Court does allow JDH to voluntarily dismiss its claims, the Bettmans ask that it be made to pay their costs and attorneys' fees for these proceedings. *Id.* Defendants IEFD, Inc. and Shannon L. Ruby ("IEFD defendants") make the same requests: that JDH's complaint be dismissed with prejudice and that it be made to pay their attorneys' fees. Doc. 26.

Because this action is in its early stages, and it does not appear to have been brought in bad faith, the Court will **GRANT** JDH's Motion to Dismiss Without Prejudice (Doc. 25). Each party will bear its own costs.

I. **BACKGROUND**

This is a dispute between a builder and its former client over construction of a multi-million-dollar home in Lebanon, Ohio. Compl., Doc. 1. In December 2022, JDH entered into an agreement with the Bettmans to build a home for them. *Id.* at ¶ 11. The agreement was terminated in June 2023, *id.* at ¶ 20, but the Bettmans continued to use the plans JDH had created for them. *Id.* at ¶ 21. *See also* Doc. 13-2, ¶ 11. The Bettmans contend they were justified in doing so, because the JDH plans were themselves near-copies of other architectural plans, so JDH does not have a valid copyright claim over the plans. Doc. 17, PageID 1042.

The Bettmans hired architect Shannon Ruby to work on the project, and Ruby created a design that JDH alleges is "a near carbon copy" of its plans. Compl. at ¶ 33. JDH sued the Bettmans, Ruby, and the construction company the Bettmans were working with, IEFD, Inc., on February 6, 2025, seeking an injunction barring the Bettmans from building a home using its plans, among other relief. Compl. at ¶¶ A–H. Two weeks later, JDH moved for a preliminary injunction and temporary restraining order. Doc. 4. Defendants responded (Docs. 14, 15), and the Bettmans then filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Doc. 17.

Also relevant, the Bettmans sued JDH in August 2023 in Warren County Common Pleas Court in 2023 over deposits they had paid to JDH. Doc. 25, PageID 1150. That litigation is ongoing, and the Warren County Court of Common Pleas recently granted JDH's motion to compel arbitration in that dispute. *Id.*

On May 22, 2025, JDH filed the motion presently under consideration, seeking an order from this Court dismissing its action without prejudice. Doc. 25.

**II.      STANDARD OF REVIEW**

Voluntary dismissal is governed by Federal Rule of Civil Procedure 41. Under Rule 41(a), a party may unilaterally voluntarily dismiss an action only before the opposing party has filed an "answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A party also may dismiss an action with the consent of the opposing party at any time. Fed. R. Civ. P. 41(a)(1)(A)(ii). Where, as here, the opposing party has filed an answer and does not consent to dismissal, a plaintiff can only dismiss his or her action by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). JDH initially filed a notice of voluntary dismissal, but later "recognize[d] its mistake" and filed a motion for dismissal under Fed. R. Civ. P. 41(a)(2). Doc. 25, PageID 1149.

### III. LAW AND ANALYSIS

**Dismissal without prejudice.** "The primary purpose of Rule 41(a)(2)'s requirement of a court order is to protect the nonmovant from unfair treatment." *Walther v. Florida Tile, Inc.*, 776 F.App'x 310, 315 (6th Cir. 2019). Several factors are relevant to the Court's consideration of whether to allow dismissal without prejudice, including: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (quoting *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). None of these factors is dispositive. Instead, the factors are "simply a guide" to the Court in determining appropriate terms for dismissal. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F.App'x 498, 502 (6th Cir. 2007).

Applying these factors, dismissal without prejudice is appropriate here. The parties have not engaged in discovery, so have not expended significant effort in preparation for trial.

Neither the Bettman defendants nor the IEFD defendants point to any delay by JDH in prosecuting the instant action. As to the third element, JDH represents that it seeks dismissal because it no longer desires injunctive relief, which is the primary relief it sought in this proceeding. Instead, it is seeking money damages in an arbitration proceeding. Doc. 25, PageID 1154. This explanation is adequate. Finally, neither defendant has filed a motion for summary judgment. The Bettman defendants filed a motion for judgment on the pleadings (Doc. 17), which is dispositive—or "decisional," as the Bettmans put it, *see* Doc. 27, PageID 1164—but nonetheless does not require as much preparation as a motion for summary judgment, nor does it ask the Court to pass on as broad a range of disputed issues.

Having considered the *Grover* factors, the Court concludes that dismissal without prejudice is appropriate despite the pendency of the Bettman defendants' motion for judgment on the pleadings. *See Walther*, 776 F.App'x at 316 (affirming dismissal without prejudice during pendency of Rule 12(c) motion)).

**Attorneys' fees.** The Bettman defendants also request that JDH be ordered to pay their costs and attorneys' fees as a condition of dismissal. Doc. 27, PageID 1164. The IEFD defendants make the same request as to their own costs and fees. Doc. 26, PageID 1160. A Rule 41(a)(2) dismissal "may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice," and such conditions "often involve the payment of costs incurred by a defendant." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009). While such costs are frequently awarded, such an award is not mandatory. *Walther*, 776 F.App'x at 318. Relevant factors in determining whether to award defense costs include "whether the plaintiff acted in good faith in bringing the action, extensive discovery costs were involved, and

extraordinary expenses were incurred in defending the action." *Malibu Media, LLC v. [Redacted]*, 705 F.App'x 402, 410 (6th Cir. 2017). These factors are, again, only a guide—"Rule 41(a)(2) is not a fee-shifting statute . . . which requires the evaluation of specific factors to award attorney's fees. . . . Rule 41(a)(2) is a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal as the court deems proper." *Id.* (internal quotation marks and citation omitted).

Applying these factors, the Court concludes that an award of attorney's fees is unwarranted here. Beginning with the second factor, no or very little discovery has been conducted in this action. As to the third factor, IEFD defendants contend they were "forced to incur substantial fees, filing multiple answers, memoranda, [and] participating in conferences." Doc. 26, PageID 1159. The Bettman defendants noted that they filed a Motion for Judgment on the Pleadings and conducted other motion practice. Doc. 27, PageID 1162–63. These defense costs are not "extraordinary." *See Walther*, 776 F.App'x at 318–19 (affirming refusal to award attorneys' fees where parties had engaged in limited discovery and motion practice prior to voluntary dismissal, including defendant filing a Rule 12(c) motion for judgment on the pleadings).

Defendants focus primarily on the first factor. The Bettmans argue that JDH initiated this lawsuit "hoping to intimidate the Bettmans and dissuade them from maintaining their breach of contract claim against JDH," Doc. 27, PageID 1161, while IEFD defendants assert that the lawsuit "should never have been brought (and is now being casually abandoned)." Doc. 26, PageID 1159. JDH responds that it brought its case in good faith; "[a]fter discovering that its proprietary construction designs were being infringed upon, it sought a preliminary injunction in aid of arbitration." Doc. 28, PageID 1169.

These arguments are more relevant to the merits of the underlying dispute than a claim of bad faith. The Bettmans contend that JDH's copyright infringement claims are meritless "because it had no ownership in the plans at issue and its own contractual statute of repose barred its claims." Doc. 27, PageID 1163. IEFD similarly argues that JDH's architectural plans at issue here "were copies of someone else's work." Doc. 26, PageID 1158. But JDH argues its plans were original, copyrightable works and there is no contractual bar to its copyright infringement action. Doc. 21, PageID 1121.

At this stage of the case, the Court is unable to conclude that JDH brought this action to intimidate or harass defendants, rather than in a good-faith effort to protect its asserted copyright. *See Malibu Media,* 705 F.App'x at 410. JDH concedes that this litigation was strategic—that it brought the instant action "in aid of arbitration" but made the "tactical decision to abandon this relief," Doc. 28, PageID 1169—but it does not follow that the action was brought in bad faith. The fact that litigation conduct is strategic does not mean it is conducted in bad faith, and seeking a preliminary injunction barring purported copyright infringement while simultaneously arbitrating a related contract claim is not particularly close to the line. *Compare Malibu Media*, 705 F.App'x at 410 (affirming refusal of attorney's fees where plaintiff had "employed a litigation model of pushing for and obtaining nuisance value settlements or dismissing the claim.").

Rather than a vexatious, bad-faith lawsuit, this action appears to be a good-faith effort to enjoin infringement of JDH's purported copyright. Preliminary injunctions are sometimes granted to block construction that infringes on a copyrighted architectural plan. *See, e.g., Value Group, Inc. v. Mendham Lake Estates, L.P.*, 800 F.Supp. 1228 (D.N.J. 1992). Applying the

factors set out in *Malibu Media*, the Court concludes that an award of attorneys' fees and costs in this instance is not warranted here.

## IV. CONCLUSION

For the foregoing reasons, JDH's Motion to Dismiss (Doc. 25) is **GRANTED**. Dismissal is without prejudice, and each party will bear its own costs.

**IT IS SO ORDERED.**

June 18, 2025

Jeffery P. Hopkins
United States District Judge